IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| WILLIAM R. CARROLL, et al, | * | |
| Plaintiffs, | * | Civil Case No. |
| v. | * | MJG-02-CV-2084 |
| BENJAMIN R. MARTIN, et al, | * | |
| Defendants, | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO COMPEL DEPOSITION RESPONSES FROM DEFENDANT

William R. Carroll, Plaintiff, by and through his attorneys, Henry L. Belsky, and Schlachman, Belsky& Weiner, P.A., hereby respectfully requests that this Honorable Court, pursuant to Rule 37, compel answers to questions asked at the deposition of Defendant Lamtech, Inc.'s Corporate Designee Brent Keener on the basis that Plaintiff is entitled to statements made by Defendant driver to his employer relative to the happening of the accident. The grounds for this Motion are incorporated by reference in the facts and arguments outlined in the attached Memorandum of Law in Support of Plaintiff's Motion to Compel Deposition Responses from Defendant as if fully incorporated herein.

WHEREFORE, for the foregoing reasons, Plaintiff, William Carroll, respectfully requests that this Honorable Court grant Plaintiff's Motion to Compel Deposition Responses from Defendant Lamtech, Inc. Corporate Designee Brent Keener.

Respectfully Submitted,

/S/
Henry L. Belsky
Federal Bar No.: 03161
Schlachman, Belsky & Weiner, P.A.
20 S. Charles Street - 10th Floor
Baltimore, Maryland 21201
(410) 685-2022

Attorneys for Plaintiff

**CERTIFICATE OF GOOD FAITH**

I HEREBY CERTIFY that a good faith effort to elicit relevant deposition responses from Defendant Lamtech, Inc.'s Corporate Designee without Court intervention was attempted during the deposition on February 5, 2003, and is evidenced in the exchanges between counsel attached as exhibits to this Motion.

/S/
Henry L. Belsky
Federal Bar No.: 03161
Schlachman, Belsky & Weiner, P.A.
20 S. Charles Street - 10th Floor
Baltimore, Maryland 21201
(410) 685-2022

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **WILLIAM R. CARROLL, et. al.,** | * | |
| Plaintiffs, | * | |
| v. | * | CIVIL CASE NO.: MJG-02-CV-2084 |
| **BENJAMIN J. MARTIN, et. al.,** | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14 day of March, 2003, a copy of the foregoing Motion to Compel Deposition Responses from Defendant and accompanying Memorandum, which was electronically filed in this case on March 14, 2003, was mailed, by First Class Mail, postage prepaid to:

Michael B. Mann
Suite 600, Mercantile Towson Bldg.
409 Washington Avenue
Towson, Maryland 21204

                                                 /S/
                                     Henry L. Belsky
                                     Federal Bar No.: 03161
                                     Schlachman, Belsky & Weiner, P.A.
                                     20 S. Charles Street - 10th Floor
                                     Baltimore, Maryland 21201
                                     (410) 685-2022

                                     Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **WILLIAM R. CARROLL, et. al.,** | * | |
| **Plaintiffs,** | * | |
| v. | * | CIVIL CASE NO.: MJG-02-CV-2084 |
| **BENJAMIN J. MARTIN, et. al.,** | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \*

**ORDER**

Upon consideration of Plaintiff's Motion to Compel Deposition Responses from Defendant Lamtech, Inc. Corporate Designee and any opposition thereto, it is this _____ day of _____, 2003, by this Court, hereby:

**ORDERED** that Plaintiff's Motion is **GRANTED**; and it is further,

**ORDERED** that this Honorable Court to compel the Defendant to submit Corporate Designee Keener to a second deposition examination at the Defendant's expense and to compel Mr. Keener to answer Plaintiff's deposition questions pertaining to Defendant Martin's statement to his employer on the date of the collision, as well as to documentation kept by Lamtech regarding Defendant Martin's reporting of the happening of the collision.

_____
JUDGE