```
           IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND
```

WILLIAM R. CARROLL, et al          *

    Plaintiff                      *     CIVIL ACTION NO.

v.                                 *     MJG-02-CV-2084

BENJAMIN J. MARTIN, et al          *

    Defendants                     *

                        * * * * * * * * * *

RESPONSE TO MOTION FOR PARTIAL SUMMARY
<u>JUDGMENT ON THE ISSUE OF CONTRIBUTORY NEGLIGENCE</u>

    Benjamin J. Martin and Lamtech, Inc., Defendants, by Michael B. Mann, their attorney, respond as follows to the Motion by Plaintiff for Partial Summary Judgment on the Issue of Contributory Negligence:

    The plaintiff appears to seek summary judgment in this action on the grounds that he was not contributorily negligent as a matter of law. The plaintiff admits in his Memorandum in Support of the Motion that, from the factual evidence in this case, the plaintiff was either struck by the defendant while riding on the southbound shoulder of Route 27, or the plaintiff was struck by the defendant after moving from the shoulder into the traveled portion of Route 27 to avoid crumbled pavement. The plaintiff seems to argue, incredibly, that, even if he had moved from the shoulder onto the traveled portion, as a matter of law, he still cannot be found contributorily negligent.

In fact, there is no evidence in this case that the plaintiff was struck on the shoulder of the roadway. As stated by the plaintiff in his Memorandum, the plaintiff testified at deposition that he normally travels on the shoulder, but the plaintiff cannot say where he was at the moment of impact. An independent witness to this accident, Raymond Curtis, was deposed, and he testified that he was following the defendant's truck. Mr. Curtis testified emphatically at deposition that he observed the defendant's truck, and that the truck never went off of the roadway, and, in fact, the truck never varied out of its lane at all. Mr. Curtis testified that the defendant's truck traveled "straight as an arrow". (See deposition transcript of Raymond Curtis, 1/8/03, p. 27 l. 5-11.) Other than Mr. Curtis, no witness has come forward to testify as to where the impact occurred.

Plaintiff places great stock legally in <u>Maryland Transportation Article</u> §21-1205.1(b)(1)(iii), which provides that a bicycle rider shall use the shoulder of the roadway except when reasonably necessary to leave the bike lane or shoulder to avoid debris or other hazardous condition. It is almost inconceivable to the defendant that the plaintiff makes this argument without mentioning §(b)(2) of that same section, which states as follows:

> A person operating a bicycle or a motor scooter may not leave a bike lane or shoulder until the movement can be made with reasonable safety and then only after giving an appropriate signal.

The clear inference in this case is that the plaintiff was traveling on the shoulder of Route 27, when he encountered the broken pavement. He then moved from the shoulder into the right front of the defendant's vehicle without ascertaining that his movement could be made with reasonable safety. There is also no evidence that the plaintiff gave an appropriate signal of his intentions to move from the shoulder onto the roadway.

In light of this further clarification of the Maryland Transportation Article, the Motion for Partial Summary Judgment filed by the plaintiff here is not only without merit, it is in fact frivolous.

The Maryland Courts have held that movement of any vehicle from the shoulder of the roadway into the traveled portion of the roadway is subject to the dictates of the Maryland Boulevard Rule, which has now been codified under <u>Maryland Transportation Article</u> §21-403. *Victor A. Pyles Co. v. Rehmann*, 21 Md. App. 686 (1974). Therefore, the plaintiff's actions in leaving the shoulder of the road not only violated the Maryland Statute for the safe operation of a bicycle, it also clearly violated the Maryland Boulevard Rule.

WHEREFORE, having fully responded to the Plaintiff's Motion for Partial Summary Judgment on the Issue of Contributory

Negligence, the Defendants request that this Court deny that Motion.

```
                              _____
                              MICHAEL B. Mann
                              409 Washington Avenue, #600
                              Towson, MD  21204
                              410-296-6826
                              Attorney for Defendants
```

REQUEST FOR HEARING

Defendants request this matter be set for hearing.

```
                              _____
                              MICHAEL B. Mann
```

POINTS AND AUTHORITIES

1. <u>Maryland Transportation Article</u> §21-1205.1(b)(1)(iii)

2. <u>Maryland Transportation Article</u> §21-1205.1(b)(2)

3. <u>Maryland Transportation Article</u> §21-403

4. *Victor A. Pyles Co. v. Rehmann*, 21 Md. App. 686 (1974)

```
                              _____
                              MICHAEL B. Mann
```

   I hereby certify that on this 28th day of March, 2003, a copy of the foregoing was sent via e-file to:

Henry L. Belsky, Esquire
20 S. Charles Street, 10th Floor
Baltimore, MD  21201
Attorney for Plaintiff

```
                              _____
                              MICHAEL B. Mann
```

March 28, 2003

Civil Clerk
U.S. District Court
101 W. Lombard Street
Baltimore, MD  21201

    Re:  Carroll v. Martin, etal.
    Our File:   7-337A
    Civil No.:  MJG02CV-2084

Dear Mr. Clerk:

Enclosed please find for filing in this matter Defendants' Response to Motion for Partial Summary Judgment, Request for Hearing and proposed Order.

Thank you for your assistance.

                              Very truly yours,


                              Michael B. Mann

MBM/jm
Enc.

cc:  Henry L. Belsky, Esquire