```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND

WILLIAM R. CARROLL, et al        *

     Plaintiff                   *    CIVIL ACTION NO.

v.                               *    MJG-02-CV-2084

BENJAMIN J. MARTIN, et al        *

     Defendants                  *

              *  *  *  *  *  *  *  *  *  *
```

RESPONSE IN OPPOSITION TO MOTION
TO COMPEL DEPOSITION RESPONSES FROM DEFENDANT

Lamtech, Inc., Defendant, by Michael B. Mann, its attorney, files this Response in Opposition to Motion to Compel Deposition Responses from Defendant filed herein by the Plaintiff.

The plaintiff seeks to compel discovery of statements made by Benjamin Martin, the defendant driver, to Brent Keener, the corporate designee for Lamtech, Inc.  Mr. Keener was the vice president of Human Resources and Safety for Lamtech at or about the time of this incident.

Benjamin Martin was a delivery driver for Lamtech at the time of this incident.

Plaintiff seeks discovery of a statement given by Benjamin Martin to Brent Keener after the automobile accident at issue in this case. At his deposition, Mr. Keener testified that he spoke to Benjamin Martin concerning this accident for the purpose of providing this information to Lamtech's insurance carrier. (See deposition transcript of Brent Keener, attached to the

Plaintiff's Motion to Compel, p. 16, l. 8 to p. 17, l. 21.) Plaintiff feels he is entitled to discover the contents of this private discussion between two defendant parties to this action, when such discussion occurred for the purpose of informing defendants' insurance carrier. The plaintiff's Memorandum in Support of his Motion to Compel seems to deal solely with the attorney-client privilege. However, in addition to the attorney-client privilege, the communication at issue is clearly protected by the work-product privilege.

### WORK-PRODUCT PRIVILEGE

The common law of Maryland, in support of Maryland Procedural Court Rules, protects the discovery of documents or information obtained in anticipation of litigation. Maryland Civil Rules of Procedure, Rule 2-402.  Although the attorney-client privilege as applied in judicial proceedings is narrowly construed, the work-product doctrine is broader in scope. *E.I. du Pont de Nemours and Co., v. Forma-Pak, Inc.*,  718 A.2d. 1129, 351 Md. 396 (1998).  Whether information was obtained in anticipation of litigation or for trial is essentially a question of fact, which, if in dispute, is to be determined by the trial judge following an evidentiary hearing. *Kelch v. Mass Transit Adm.*, 411 A.2d 449, 287 Md. 223 (1980).

In a situation such as this, where a corporate driver has been involved in a motor vehicle accident, there is clearly a need for the corporation's insurance carrier to gain information

concerning the happening of the accident in preparation of the litigation, which will almost surely follow from any injured party. It was in clear reference to this anticipation of litigation that Mr. Keener requested the information concerning this accident from Lamtech's driver, Benjamin Martin. As such, it would be improper for this court to require these two parties to disclose the details of their communication to the party bringing a personal injury action against both parties. The broad constraints of the work-product privilege clearly prevent such disclosure.

## ATTORNEY-CLIENT PRIVILEGE

The Appellate Courts of Maryland have also ruled that certain insured to liability insurer communications are not discoverable under the attorney-client privilege. *Cutchin v. State*, 143 Md. App. 81 (2002). In that case, the court found that the facts of each case must be evaluated to determine whether the attorney-client privilege will serve to protect an insurer-insured communication. The court further found that the test is whether the dominant purpose of the communication was for the insured's defense and whether the insured had a reasonable expectation of confidentiality.

That test is easily met in this case. Obviously, the liability insurer of Lamtech, Inc., through Mr. Keener, sought this information to provide for the defense of Lamtech and Mr. Martin to any anticipated litigation as a result of this accident. Again, Benjamin Martin and Lamtech, Inc. would certainly have had a reasonable expectation of confidentiality of a discussion between those two parties with regard to this accident.

Moreover, privileged communications retain their privileged status even if the information is relayed from a non-lawyer employee or officer to other employees or officers of a corporation on a need-to-know basis. *F.C. Cycles, Intl., Inc. v. Fila Sport, S.P.A.*, 184 F.R.D. 64 (D.Md.1998). Therefore, despite the plaintiff's assertion to the contrary, the fact that this

information was relayed through Mr. Keener to the defendant's insurer does not remove the privileged status of the communication. It is just as privileged as if the driver, Benjamin Martin, had given this statement directly to the insurer.

WHEREFORE, the communication sought to be discovered by the Plaintiff from Benjamin Martin to Brent Keener is protected by the work-product and attorney-client privileges, and this Court should deny the Motion to Compel discovery of that communication.

_____
MICHAEL B. Mann
409 Washington Avenue, #600
Towson, MD  21204
410-296-6826
Attorney for Defendants

POINTS AND AUTHORITIES

1. Maryland Rules of Procedure, Rule 2-402

2. Cutchin v. State, 143 Md. App. 81 (2002)

3. E.I. du Pont de Nemours and Co., v. Forma-Pak, Inc., 718 A.2d. 1129, 351 Md. 396 (1998)

4. F. C. Cycles, Intl., Inc. v. Fila Sport, S.P.A., 184 F.R.D. 64 (D.Md.1998)

5. *Kelch v. Mass Transit Adm.*, 411 A.2d 449, 287 Md. 223 (1980)

_____
MICHAEL B. Mann

I hereby certify that on this 31st day of March, 2003, a copy of the foregoing was sent via e-file to:

Henry L. Belsky, Esquire
20 S. Charles Street, 10th Floor
Baltimore, MD  21201
Attorney for Plaintiff

_____
MICHAEL B. Mann

March 31, 2003

Civil Clerk
U.S. District Court
101 W. Lombard Street
Baltimore, MD  21201

    Re:  Carroll v. Martin, etal.
    Our File:   7-337A
    Civil No.:  MJG02CV-2084

Dear Mr. Clerk:

Enclosed please find for filing in this matter Defendants' Response in Opposition to Motion to Compel Deposition Responses from Defendant.

Thank you for your assistance.

                        Very truly yours,


                        Michael B. Mann

MBM/jm
Enc.

cc:  Henry L. Belsky, Esquire