```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND


WILLIAM R. CARROLL, et al        *

     Plaintiff                   *    CIVIL ACTION NO.

v.                               *    MJG-02-CV-2084

BENJAMIN J. MARTIN, et al        *

     Defendants                  *

              *  *  *  *  *  *  *  *  *  *
```

MOTION FOR PARTIAL SUMMARY JUDGMENT
BY LAMTECH ON THE ISSUE OF NEGLIGENT ENTRUSTMENT

Lamtech, Inc., Defendant, by Michael B. Mann, its attorney, moves, pursuant to F.R.C.P. Rule 56 for partial summary judgment on Count II of the Complaint on the issue of negligent entrustment on the basis that there is no genuine dispute between the parties as to any material fact, and that the defendant, Lamtech, Inc., is entitled to partial summary judgment as a matter of law.

The defendant further incorporates by reference the facts and arguments outlined in the attached Memorandum of Law in support of Defendant's Motion for Partial Summary Judgment as if fully set forth herein.

WHEREFORE, for the foregoing reasons, Defendant, Lamtech, Inc., requests that this Court grant it partial summary judgment

on Count II of the Complaint on the absence of any negligent entrustment of its vehicle to the co-defendant.

> _____
> MICHAEL B. MANN
> 409 Washington Avenue, #600
> Towson, MD  21204
> 410-296-6826
> Attorney for Defendants

REQUEST FOR HEARING

Defendant, Lamtech, Inc., requests that its Motion for Partial Summary Judgment be set for hearing.

> _____
> MICHAEL B. Mann

I hereby certify that on this _____ day of April, 2003, a copy of the foregoing was mailed to:

Henry L. Belsky, Esquire
20 S. Charles Street, 10th Floor
Baltimore, MD  21201
Attorney for Plaintiff

> _____
> MICHAEL B. Mann

```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF MARYLAND

WILLIAM R. CARROLL, et al          *

     Plaintiff                     *      CIVIL ACTION NO.

v.                                 *      MJG-02-CV-2084

BENJAMIN J. MARTIN, et al          *

     Defendants                    *

                   *  *  *  *  *  *  *  *  *  *
```

MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT
<u>BY LAMTECH ON THE ISSUE OF NEGLIGENT ENTRUSTMENT</u>

Lamtech, Inc., Defendant, by Michael B. Mann, its attorney, moves, pursuant to F.R.C.P. Rule 56, that this Court grant this Defendant's Motion for Partial Summary Judgment on Count II of the Complaint on the issue of negligent entrustment, and in support thereof states the following:

<u>Introduction</u>

This action arises out of an accident wherein the plaintiff's bicycle came into contact with the defendant's truck, which was being operated by the defendant's employee on Route 27 in Montgomery County, Maryland. In his Complaint, the plaintiff brings this action against the defendants, Benjamin J. Martin and Lamtech, Inc., for negligence in the operation of the vehicle owned by Lamtech, which negligence the plaintiff claims is imputed to Lamtech, because, as is not disputed, defendant Martin was operating the vehicle as the employee of defendant Lamtech within the scope of his employment at the time of this accident. However, the plaintiff also brings this action against Lamtech on the grounds that it was negligent for entrusting its vehicle to defendant Martin at the time of the accident. It is this claim of the plaintiff which gives rise to this Motion for Partial Summary Judgment, since there is no genuine dispute as to any material fact, and defendant Lamtech is entitled to judgment as a matter of law on that part of the Complaint.

<u>Summary Judgment Standard</u>

Fed. R. Civ. P. 56 requires that summary judgment be granted where, as here, it is clear that there is no dispute that requires the case to be submitted to a trier of fact. *O'Connell v. Montgomery County*, 923 F. Supp. 761 (D.Md. 1996), *aff'd*, 131 F.3d 135 (4th Cir. 1997). Rule 56 states, in pertinent part:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories,

> and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).

The purpose of the summary judgment procedure is to determine whether a trial is necessary "[T]he court has an affirmative obligation to prevent factually unsupported . . . defenses from proceeding to trial." *Williams v. Prince George's County Hosp. Ctr.*, 932 F. Supp. 687 (D.Md 1996) (citations omitted). Thus the "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). To withstand such a motion, the non-moving party must offer evidence "from which a fair-minded jury could return a verdict for the [party opposing the motion]." *Id.* "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987).

Argument

In that this accident occurred within the State of Maryland, and in that this action is before with this Court under diversity of citizenship, there seems to be no question that Maryland substantive law applies to the negligence issues in this case.

> Maryland has adopted the doctrine of negligent entrustment as stated in 2 Restatement (Second) of Torts §390 at 314 (1965):

> One who supplies directly or through a third person a chattel for the use of another *whom the supplier knows or has reason to know* to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them. (emphasis supplied)

*Morrell v. Williams*, 279 Md. 497, at p. 503 (1976)

The *Morrell* court further held that the doctrine of negligent entrustment could only be invoked against the vehicle owner who knows or should have known that the use of the vehicle would involve an inordinate risk of physical harm. *Morrell, supra.*

Therefore, to consider the issue of negligent entrustment, we must first examine the knowledge that the employer, Lamtech, had or should have had at the time it permitted defendant Martin to operate the vehicle. At the time of the accident, the undisputed evidence shows that Martin had a valid class A commercial driver's license, which permitted him to operate a vehicle with gross weight over 26,000 pounds pulling a trailer over 10,000 pounds. (See Exhibit A, deposition transcript of Benjamin Martin, 12/13/02, p. 6 l. 21 to p. 7 l. 5.) During the period of time that Martin had driven a truck for Lamtech, he had had one prior incident. In that incident, a corner of the truck he was operating had caught a low-hanging tree branch, which caused some minor damage to the truck. (See Exhibit A, Martin

transcript, p. 10 l. 11 to p. 11 l. 2.)  There is no evidence that Martin caused any physical injury or received a citation for his driving in this one prior Lamtech incident.

At the time of his hiring, Lamtech had obtained the driving record of Martin, which showed that he had had two prior violations for exceeding the maximum speed on September 3, 1998, and for driving too fast for conditions on July 19, 2000.  (See Exhibit B, driver's license record of Martin attached to deposition transcript of Brent Keener as exhibit 14.)

Despite these two violations, Lamtech was assured by the fact that Martin had a valid commercial driver's license at the time. This was especially true since such a license was not even required to operate the type of truck being used by Martin at the time of this incident. (See Exhibit C, deposition transcript of Brent Keener, 2/5/03, p. 23 l. 9-20.) Defendant Martin further had two references from other employee of Lamtech at the time he began driving for Lamtech. (See Exhibit C, Keener transcript, p. 51 l. 13 to p. 53 l. 13.)  This is the totality of the evidence of any prior knowledge by Lamtech with regard to the issue of negligent entrustment. This record falls far short of that routinely required by the Maryland Courts to permit a claim of negligent entrustment to go forward.

> In concluding that there was evidence before the jury to permit it to find that General Valet's entrustment of the van to Stevenson was negligent, we recognize that the applicable standard set forth in the Restatement separates cases presenting isolated instances of carelessness from those evidencing

> reckless acts occurring with such frequency and in such a manner as to put the entrustor on notice of the danger involved. We recognize that the entrustor is only responsible for the subsequent negligent acts of the entrustee if a reasonable man could have foreseen the negligent acts; and that when the foreseeability of harm stems from past conduct, it must be conduct so repetitive as to make its recurrence foreseeable.

*Curley v. General Valet Service*, 270 Md. 248, at p. 267 (1973)

In the *Curley* case, the employer of the driver was aware that the driver had ten prior motor vehicle violations at the time it hired the driver, and that eight of those violations had been committed within three years of his employment. The court in *Curley* found that this evidence, even though meager, was barely sufficient under the circumstances in the case to permit that claim to go forward.

When the circumstances in our case are compared to those in *Curley*, it is clear that the driving record of Martin should not permit the claim for negligent entrustment to go forward against Lamtech.

This is especially true when one considers the nature of the accident in our case. There is no evidence that Martin was intoxicated at the time he was operating this truck, or that he was using the truck for a purpose other than as prescribed by his employer. This is in direct contrast to other negligent entrustment decisions that have been permitted to proceed in the State of Maryland. See *Curley v. General Valet Services, supra; Morrell v. Williams, supra; Snow White v. State, Use of Tenant*,

243 Md. 291 (1965); *Neale v. Wright*, 322 Md. 8 (1991; and *Kahlenberg v. Goldstein*, 290 Md. 477 (1981).  In addition, there is no evidence that Martin was exceeding the posted speed limit or operating his vehicle at a speed too fast for the conditions which existed. In fact, there is direct evidence from Martin and the witness to the accident, Ray Curtis, that Martin was following traffic at a speed below the posted limit.

It is implicit under the doctrine of negligent entrustment that the actual use of the vehicle by the driver at the time of the accident be one which the supplier not only had a reason to know was likely, but also was one which involved an unreasonable risk of physical harm.  *Kahlenberg v. Goldstein*, *supra*, at p. 489. In our case, there is absolutely no evidence that Martin was using the vehicle in a manner which resulted in an unreasonable risk of harm to anyone. The sole issue on primary negligence in this case is whether the plaintiff left the shoulder of the roadway without ascertaining that it was safe to do so, or whether defendant Martin strayed from the traveled portion of the roadway and came in contact with the bicycle on the shoulder. This is far from the dangerous activity engaged by the other operators in the Maryland cases which led to the negligent entrustment claims against the suppliers of the vehicles.

In addition, there is a compelling reason for this Court to examine the issue of negligent entrustment with an eye to preventing this case going forward on that issue, if there is

insufficient evidence to do so.  If the case proceeds on the issues of negligent entrustment, as well as primary negligence, the plaintiff will be able to introduce into evidence the defendant operator's prior driving record, which would ordinarily not be admissible in a case of simple negligence. Obviously, this could lead to undue prejudice against the defendant operator and could distract the trier of fact from a straightforward determination of which party was at fault in the happening of this accident. Such a result would be unfair to both defendants in this action and should not be permitted under the factual circumstances which exist in this case.

WHEREFORE, Defendant, Lamtech, Inc., requests that this Court grant its Motion for Partial Summary Judgment on the issue of negligent entrustment, since there is no genuine dispute as to any material fact, and this Defendant is entitled to judgment as a matter of law on that issue of negligent entrustment.

 

_____
MICHAEL B. MANN
409 Washington Avenue, #600
Towson, MD  21204
410-296-6826
Attorney for Defendants

## POINTS AND AUTHORITIES

1. Fed. R. Civ. P. 56

2. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)

3. *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987)

4.   *Kahlenberg v. Goldstein*, 290 Md. 477 (1981)

5.   *Morrell v. Williams*, 279 Md. 497 1976)

6.   *Neale v. Wright*, 322 Md. 8 (1991)

7.   *O'Connell v. Montgomery County*, 923 F. Supp. 761 (D.Md. 1996), *aff'd*, 131 F.3d 135 (4th Cir. 1997)

8.   *Snow White v. State, Use of Tenant*, 243 Md. 291 (1965)

9.   *Williams v. Prince George's County Hosp. Ctr.*, 932 F. Supp. 687 (D.Md 1996)

_____
MICHAEL B. Mann

April 11, 2003

Civil Clerk
U.S. District Court
101 W. Lombard Street
Baltimore, MD  21201

    Re:  Carroll v. Martin, etal.
    Our File:   7-337A
    Civil No.:  MJG02CV-2084

Dear Mr. Clerk:

Enclosed please find for filing in this matter Defendant Lamtech's Motion for Partial Summary Judgment.

Thank you for your assistance.

                              Very truly yours,


                              Michael B. Mann

MBM/jm
Enc.

cc:  Henry L. Belsky, Esquire