## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

WILLIAM R. CARROLL, et. al.,     \*

          Plaintiffs,     \*

v.     \*     CIVIL CASE NO.:  MJG-02-CV-2084

BENJAMIN J. MARTIN, et. al.,     \*

          Defendants.     \*

     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
### MOTION IN OPPOSITION OF DEFENDANT'S MOTION FOR PARTIAL
### SUMMARY JUDGMENT ON THE ISSUE OF NEGLIGENT ENTRUSTMENT

William R. Carroll, Plaintiff, by and through his attorneys, Henry L. Belsky, and Schlachman,

Belsky & Weiner, P.A., hereby respectfully requests that this Honorable Court deny Defendant

Lamtech's Motion for Partial Summary Judgment on the Issue of Negligent Entrustment, and in support

of, states the following:

I.     **Introduction**

This case arises out of an accident wherein Defendant Martin, during the course of his

employment with Defendant Lamtech, Inc., struck Plaintiff while Plaintiff was riding his bicycle

southbound on Route 27 in Montgomery County, Maryland.  It is Plaintiff's contention that there exists

a genuine dispute as to material facts with respect to evidence of Defendant Martin's prior driving

history.  Moreover, Plaintiff contends that sufficient evidence of Mr. Martin's poor driving history

coupled with Defendant Lamtech, Inc.'s knowledge of this background creates a jury issue as to

Plaintiff's negligent entrustment claim.

## II.    Summary Judgment Standard

Pursuant to Fed. R. Civ. P. 56(c), summary judgment is appropriate where, "there is no genuine issue as to material fact and [...] the moving party is entitled to a judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Summary judgment is not appropriate when there exists "an issue of fact for a jury to determine at trial, which is the case when there is sufficient evidence favoring the non-moving party upon which a jury can return a verdict for that party." Shealy v. Winston, 929 F.2d 1009, 1012 (4th Cir. 1991).

To survive a motion for summary judgment a party must demonstrate that specific, material facts exist which give rise to a genuine issue.  Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  In ruling on such a motion, the court assumes that all of the non-moving party's evidence is worthy of belief, and award all justifiable inferences in favor of the non-moving party.  Anderson, 477 U.S. at 252; Pulliam Investment Company v. Cameo Properties, 810 F.2d 1282, 1286 (4th Cir. 1987).  Only when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party" can the court properly grant a motion for summary judgment.  Matsushita Elec. Industr. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## III.    Arguments

### A.    A genuine dispute of material fact exists with respect to the totality of the evidence of any knowledge by Lamtech, Inc. of Defendant Martin's poor driving history

Defendant Lamtech, Inc. insinuates that "the totality of the evidence of any prior knowledge by Lamtech with regard to the issue of negligent entrustment," consists of two prior motor vehicle violations listed on his driving record.  However, Defendant fails to account for three prior accidents and

negative comments from a previous employer regarding Defendant Martin's safe driving habits listed on a Request for Information from Previous Employer form received from Clouse Trucking and examined by Lamtech, Inc. prior to hiring Mr. Martin.  (See Request for Information from Previous Employer form attached hereto as Exhibit A and Deposition of Brent Keener attached hereto as Exhibit B, pp. 47-49).  This form, completed by Defendant Martin's former employer Clouse Trucking on November 16, 2000, indicates that Mr. Martin "backed into 2 milk houses at farms," and, "jack-knifed on wet road and hit a car coming other direction."  (Exhibit A, p. 1).  In addition, the Clouse Trucking representative states that Mr. Martin was a "questionable" safe driver and checked "fair" when prompted to rate Defendant's safety habits.  (Exhibit A, pp. 1-2).  Further, under the section of the form marked "any other comments," the Clouse Trucking representative remarks that, "he had a heavy foot!"  (Exhibit A, p. 2).  Defendant Lamtech, Inc. also fails to mention in their Memorandum that subsequent to his September 11, 1998 conviction for exceeding the maximum speed, Mr. Martin's license was suspended. (See Mr. Martin's driving record attached hereto as Exhibit C, p.2).  Mr. Martin was also involved in another accident during the course of his employment with Lamtech, Inc. prior to the accident at issue. (Exhibit B, p. 15).

Notwithstanding these glaring discrepancies,  Defendant Lamtech, Inc. failed to investigate any of the prior incidences described and continued to employ Mr. Martin even after he was involved in an accident one or two months after the date he began working for Defendant.  (Exhibit B, p. 15, pp. 48-49).  Moreover, Mr. Martin disclosed only one accident on his Driver Application for Employment to Lamtech, Inc., which he describes as a "side impact."  (See Driver Application attached hereto as Exhibit D, p. 3).  However, the extent of Defendant Lamtech, Inc.'s investigation of this incident

comprised of a single conversation with Mr. Martin.  (Exhibit B, p. 44).

It is apparent that Lamtech, Inc. accumulated a host of information regarding Mr. Martin's prior safety record, driving history, and previous accidents, yet failed to adequately investigate and/or inquire into any of the incidences contained on any of the reference forms received.  Moreover, Defendant Lamtech, Inc. continued to employ Mr. Martin after he was involved in another accident during his employment.  As such, it is clear that the merits of Defendant's conclusions as to the "totality of the evidence of any prior knowledge by Lamtech" in connection with Mr. Martin's prior driving history are subject to dispute by the parties in this case.  Obviously such a dispute will lead towards an interpretation of these merits by a jury.  This alone creates a presumption of a dispute of material fact and, as a matter of course, this Honorable Court should deny their Motion for Partial Summary Judgment on this issue.

**B.    As a result of these factual inconsistencies, Defendant's contentions with respect to the absence of sufficient evidence to support a negligent entrustment claim is in error**

Generally, under a theory of negligent entrustment, a supplier of chattel, either individually or through a third party, for use of another shares liability resulting from harm to another if the supplier knows, or has reason to know, that the party through their operation of the chattel, because of youth, inexperience, or otherwise, is likely to cause physical harm.  Broadwater v. Dorsey, 344 Md. 548, 554, 688 A.2d 436, 439 (1997), *see also*, Neale v. Wright, 322 Md. 8, 13-14, 585 A.2d 196, 198-99 (1991); Kahlenberg v. Goldstein, 290 Md. 477, 488-89, 431 A.2d 76, 83 (1981).  The extent of the supplier's knowledge of the entrustee's likelihood to cause physical harm through the use of the chattel has been limited to knowledge of "reckless acts occurring with such a frequency and in such a manner as to put

4

the entrustor on notice of the danger involved." Curley v. General Valet Service, 270 Md. 248, 267, 311 A.2d 231, 241 (1973).  Further, when the entrustor's knowledge stems from past conduct "it must be conduct so repetitive as to make its recurrence foreseeable."  Id.

In the instant matter, Lamtech, Inc. had knowledge, through their application process, that Mr. Martin was involved in three or, arguably, four accidents prior to his employment at Lamtech, Inc. Further, one or two months following Mr. Martin's employ, he again was involved in another accident, of which Defendant took no action.  Moreover, Mr. Martin's Request for Information from Previous Employer form received from Clouse Trucking indicates that he had "questionable" safe driving habits. A review of his driving record and comments from previous employers creates a strong inference that Mr. Martin possessed a proclivity for excessive speed while driving, for which, at one point, his license was suspended.  Although Defendant points out in their Memorandum that excessive speed was not an issue in the instant collision, such an issue is irrelevant in any evaluation of the totality of Lamtech, Inc.'s knowledge of whether or not Mr. Martin was an incompetent driver.

Such knowledge clearly falls within the realm of forseeability as contemplated under the standard set forth in Curly.  Defendant Martin's past conduct and subsequent accident following his employ by Defendant forms a repetitive pattern of poor driving which constitutes sufficient evidence to permit a jury to rationally conclude that Mr. Martin's habitual speeding and frequent accidents rendered him an incompetent driver, whose use of the truck entrusted  by Lamtech, Inc. created a credible risk of physical harm toward others.

5

WHEREFORE, Plaintiff, William R. Carroll, respectfully requests that this Honorable

Court deny Defendant Lamtech, Inc.'s Motion for Partial Summary Judgment on the Issue of

Negligent Entrustment.

Respectfully Submitted,

_____/S/_____

Henry L. Belsky
Federal Bar No: 03161
Schlachman, Belsky & Weiner, P.A.
20 S. Charles Street - 10th Floor
Baltimore, Maryland 21201
(410) 685-2022

Attorneys for Plaintiff