IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **WILLIAM R. CARROLL, et. al.,** | * | |
| **Plaintiffs,** | * | |
| v. | * | CIVIL CASE NO.:  MJG-02-CV-2084 |
| **BENJAMIN J. MARTIN, et. al.,** | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \*

## MOTION FOR RELIEF FROM ORDER

William R. Carroll, Plaintiff, by and through his attorneys, Henry L. Belsky, and Schlachman, Belsky& Weiner, P.A., hereby respectfully requests that this Honorable Court, pursuant to Fed. R. Civ. P. 60(b)(1) and 60(b)(6), reconsider its April 29, 2003 Order denying Plaintiff's Motion to Compel, and for reasons, states the following:

1. On March 14, 2003, Plaintiff electronically filed a Motion to Compel Deposition Responses from Defendant Lamtech, Inc.'s Corporate Designee of based upon substantial issues relating to Plaintiff's attempts to elicit information from Defendant Lamtech, Inc.'s Corporate Designee in connection with statements made to Lamtech, Inc. by Defendant Benjamin Martin immediately following the accident at issue in this matter.

2. On March 31, 2003, Defendant Lamtch, Inc. filed a Motion in Opposition to Plaintiff's Motion to Compel.

3. On April 17, 2003, this Court electronically filed an Order directing Plaintiff to file a response to Defendant's Motion in Opposition regarding the requirements of Rule 26(b)(3) in relation to this discovery dispute by April 23, 2003.

4. Due to a clerical error, Plaintiff's counsel did not see the e-mail alerting counsel to activity in this case. As a result, counsel had no knowledge of this Court's April 17, 2003 request to file a response on this issue until receipt of this Court's April 29, 2003 Order and Memorandum denying Plaintiff's Motion.

5. Had Plaintiff seen this Court's April 17, 2003 directive, a reply based upon the parameters outlined in that Order would have certainly been filed within the time period specified.

6. Upon receipt of this Court's April 29, 2003 Order, Plaintiff is exercising due diligence in filing this Motion for Relief from Order.

7. It appears, from a review of this April 29, 2003 Order, that this Court's denial of Plaintiff's Motion to Compel was due to a failure to respond.

8. However, at this point, there still exists substantial issues relating to whether Plaintiff is entitled to statements made by Defendant driver to his employer immediately following the accident. These issues are substantially relevant to Plaintiff's theory of liability, and are highly important to the successful outcome of Plaintiff's case.

9. With respect to this Court's inquiry as to the application of the work-product privilege and the requirements outlined in Rule 26(b)(3) for the attainment of any material subject to this privilege, it is Plaintiff's position that such privilege does not apply in this matter. However, assuming that the privilege does apply, the fact that it is anticipated that these statements contains highly relevant information with respect to issues of liability clearly demonstrate a "substantial need" for this material. Moreover, as these statements are the only record that exists of the circumstances and location of each of the parties immediately following

the moment of impact, there is no other method by which Plaintiffs can attain a substantial equivalent of such material without undue hardship.

10. To resolve whether Rule 26(b)(3) grants immunity from discovery, the district court must determine, from an examination of the documents or their circumstances, whether they were prepared in anticipation of litigation or for trial. <u>National Union Fire Ins. Co. v. Murray Sheet Metal Co.</u>, 967 F.2d 980 (4th Cir. 1992). However, even when documents and tangible things are prepared in anticipation of litigation or for trial, to the extent they do not involve the mental impressions, conclusions, opinions, or legal theories concerning the litigation, they may be discoverable on a showing of "substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by any other means." Fed. R. Civ. P. 26(b)(3), *see also*, <u>National Union Fire Ins. Co.</u>, 967 F.2d 980; <u>Kelch v. Mass Transit Admin.</u>, 42 Md. App. 291, 400 A.2d 440 (1979).

11. Upon an examination of the circumstances surrounding the statements made by Defendant Martin to his employer, it is clear that any recording of these statements was not prepared in anticipation of trial. Defendant Martin was not seeking legal assistance when he telephoned his employer and engaged in the telephone conference regarding the incident on the date of the incident. Moreover, Mr. Keener, the corporate designee who was the supervisor Defendant Martin reported the incident to on the date of the collision, was not an attorney or agent of an attorney. Therefore, Defendant Martin's communication was not disclosed in confidence to an attorney, but was merely the reporting of the accident. Defendant's claims that Mr. Keener was requesting information regarding this accident, "in clear reference to this

anticipation of litigation," is supported only by Defendant's ambiguous assertion that all accidents breed litigation. At no point during Mr. Keener's deposition does he ever explain why it was necessary to obtain Defendant Martin's immediate observations of this accident.

12. Further, Defendant's assertions that such material is protected under a work-product privilege as "there is clearly a need for the corporation's insurance carrier to gain information concerning the happening of this accident in preparation for trial," is also in error. Because an insurance company has a duty in the ordinary course of business to investigate and evaluate claims made by its insureds, any information gathered by an insurance company prior to a specific denial of a claim is not deemed in anticipation of litigation, as there exists no reasonable threat of litigation. Connecticut Indem. Co. v. Carrier Haulers, Inc., 197 F.R.D. 564, 571 (W.D.N.C. 2000), *quoting*, Pete Rinaldi's Fast Foods, Inc. v. Great American Ins. Companies, 123 F.R.D. 198, 202 (M.D.N.C. 1988). As such, even if Mr. Keener was acting on behalf of an insurance company, which he clearly was not, any information gleaned for the purposes of informing Defendant's carrier is still discoverable up to the point at which the insurer denies the claim.

13. However, even if Defendant's statements to his employer were protected under the work product privilege, Plaintiff undoubtedly has a substantial need for such materials. Establishing the manner in which an accident happened is undoubtedly a major part in the Plaintiff's burden of proof as to liability. In this matter, the Plaintiff's injuries have prevented him from recalling the details regarding the point of impact. Moreover, the Defendant also is not able to recall the point of impact. Mr. Curtis also testified that he did not see the moment of impact. Therefore, the only evidence available to Plaintiff is the statements Defendant Martin

made to his employer on the day and location of the accident regarding the circumstances surrounding this incident.  As such, it is apparent that Plaintiff has a substantial need for the sought after information.

14. Furthermore, it is anticipated that the Defendants will raise the issue of contributory negligence, assumption of the risk or unavoidable accident. Such defenses mandate disclosure of all evidence as to the manner in which the accident happened in order for Plaintiff to establish a viable response to Defendant's affirmative defenses.

15. In addition, Plaintiff has no other method of obtaining the "substantial equivalent" of such material without undue hardship as the Defendant was in the best position to see the location of his vehicle with respect to Plaintiff at the point of impact, and the Defendant is also the only person who can explain the reason behind his inability to see the Plaintiff prior to impact. The Defendant's statements pertaining to these issues so close in time after the accident have a significant amount of credibility when adverse to Defendant's position.  This is particularly so since the discovery process has revealed that no other witness is able to supply the information being sought.

16. At the very least this Court should conduct an evidentiary hearing to determine whether any such privilege exists in this case.  Absent such a hearing, this Court may also review any recordings of these statements *in camera* to determine the extent of Defendant's claims of privilege.

17. The United States District Court's recent conversion to an electronic filing system is a relatively new practice to counsel which, unfortunately, causes occasional logistical difficulties.  Plaintiff would respectfully ask that this Court excuse this technological error and

exercise its broad authority in resolving discovery disputes by reconsidering its April 29, 2003 Order denying Plaintiff's Motion.

WHEREFORE, for the foregoing reasons, Plaintiff, William Carroll, respectfully requests that this Honorable Court:

(1)  Reconsider its April 29, 2003 Order denying Plaintiff's Motion to Compel Deposition Responses from Defendant's Corporate Designee; and,

(2)  Issue an Order granting Plaintiff's Motion to Compel Deposition Responses from Defendant Lamtech, Inc.'s Corporate Designee, or in the alternative, conduct an evidentiary hearing on this matter.

Respectfully Submitted,

_____
Henry L. Belsky
Federal Bar No.: 03161
Schlachman, Belsky & Weiner, P.A.
20 S. Charles Street - 10th Floor
Baltimore, Maryland 21201
(410) 685-2022

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **WILLIAM R. CARROLL, et. al.,** | * | |
| **Plaintiffs,** | * | |
| v. | * | CIVIL CASE NO.:  MJG-02-CV-2084 |
| **BENJAMIN J. MARTIN, et. al.,** | * | |
| **Defendants.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of April, 2003, a copy of the foregoing Motion for Relief from Order, which was electronically filed in this case on April 30, 2003, was mailed, by First Class Mail, postage prepaid to:

Michael B. Mann
Suite 600, Mercantile Towson Bldg.
409 Washington Avenue
Towson, Maryland 21204

_____
Henry L. Belsky
Federal Bar No.: 03161
Schlachman, Belsky & Weiner, P.A.
20 S. Charles Street - 10th Floor
Baltimore, Maryland 21201
(410) 685-2022

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **WILLIAM R. CARROLL, et. al.,** | * | |
| **Plaintiffs,** | * | |
| v. | * | CIVIL CASE NO.: MJG-02-CV-2084 |
| **BENJAMIN J. MARTIN, et. al.,** | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \*

**ORDER**

Upon consideration of Plaintiff's Motion for Relief from Order, it is this _____ day of _____, 2003, by this Court, hereby:

**ORDERED** that Plaintiff's Motion is **GRANTED**; it is further,

**ORDERED** that Plaintiff's Motion to Compel Deposition Responses from Defendant Lamtech, Inc.'s Corporate Designee is also **GRANTED**, or, in the alternative, it is further,

**ORDERED** that an evidentiary hearing on this matter be conducted on _____, 2003.

_____
JUDGE