IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM R. CARROLL, et al          *

    Plaintiff                          *      CIVIL ACTION NO.

v.                                 *      MJG-02-CV-2084

BENJAMIN J. MARTIN, et al          *

    Defendants                         *

* * * * * * * * * *

<u>RESPONSE TO MOTION FOR RELIEF FROM ORDER</u>

Lamtech, Inc., Defendants, by Michael B. Mann, its attorney, responds as follows to the Motion by Plaintiff for Relief from Order:

The plaintiff has filed this Motion seeking to change the Court's Order of April 29, 2003, denying the plaintiff's prior Motion to Compel Deposition responses from Defendant Lamtech. Before entering that Order, this Court had indicated its view that the attorney-work product doctrine governed this discovery dispute, and this Court ordered plaintiff to address the issue of whether he has substantial need for the content of the confidential communication between Benjamin Martin and his employer. As indicated in his Motion, the plaintiff failed to do so on a timely basis and the Court's Order followed.

However, the plaintiff's Motion for Relief from Order deals almost primarily with the already decided issue of work-product doctrine, and the Motion barely touches on the issue of substantial need and an inability to obtain the substantial

equivalent of the material without undue hardship. In fact, plaintiff's only argument in this regard is that the communication dealt with the accident and would be very important to the plaintiff's case.

The plaintiff fails to mention in his Motion that he has had a complete and full opportunity to depose the defendant, Benjamin Martin, himself, about the happening of this accident. At that deposition, defendant Martin testified in great detail on the same subjects plaintiff now wants to discover. In addition, the plaintiff had the opportunity to depose the investigating police officer, who spoke to Martin at the scene of the accident well before the confidential communication between Martin and his employer.

Finally, the plaintiff was able to question in deposition the independent witness to the accident, Roy Curtis, concerning not only Curtis' view of the accident and the position of the Lamtech vehicle at the time of impact, but also as to the statements made by defendant Martin to Curtis immediately following the accident.

This is a situation which is far from that required to show the substantial need and inability to obtain the substantial equivalent of this communication without undue hardship. In fact, the plaintiff has been able to obtain the substantial equivalent of the material, in far more detail and from several sources.

The only true reason that the plaintiff wants to discover the communication between Martin and his employer is to learn the confidential result of a protected communication. Obviously, the work-product doctrine is designed to prevent just such disclosure.

The defendant fully briefed the legal issue of work-product doctrine in its original Response to plaintiff's Motion to Compel Discovery Responses. Those arguments will not be repeated in this Response, since it is the understanding of this defendant that the Court has essentially ruled that the work-product doctrine does apply and that the issue now is whether the plaintiff has shown the necessary substantial need and inability to otherwise obtain the information sought.  As stated above, the plaintiff has fallen far short of any such showing, and the Court should maintain its original ruling in its Order of April 29, 2003.

WHEREFORE, Lamtech, Inc., Defendant, respectfully requests that this Honorable Court deny the Plaintiff's Motion for Relief from Order of April 29, 2003, denying Plaintiff's Motion to Compel Deposition Responses from Defendant Lamtech.

_____
MICHAEL B. Mann
409 Washington Avenue, #600
Towson, MD  21204
410-296-6826
Attorney for Defendants

I hereby certify that on this 8th day of May, 2003, a copy of the foregoing was sent to:

Henry L. Belsky, Esquire
20 S. Charles Street, 10th Floor
Baltimore, MD  21201
Attorney for Plaintiff


_____
MICHAEL B. Mann

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM R. CARROLL, et al          *

    Plaintiff          *     CIVIL ACTION NO.

v.          *     MJG-02-CV-2084

BENJAMIN J. MARTIN, et al          *

    Defendants          *

* * * * * * * * * *

<u>O R D E R</u>

ORDERED this _____ day of _____, 2003, that the Plaintiff's Motion for Relief from Order of this Court dated April 29, 2003, denying the Plaintiff's Motion to Compel Deposition Responses, be and is hereby *denied*.

_____
BETH P. GESNER
United States Magistrate Judge