UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BETH P. GESNER
UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288
(410) 962-3844 FAX

June 6, 2003

RE: Carroll, et al. v. Martin, et al., MJG-02-2084

MEMORANDUM FOR COUNSEL

Dear Counsel:

  This case has been referred to me for the resolution of discovery disputes. Currently pending are plaintiffs' Motion for Relief from Order and defendants' opposition. (Paper Nos. 25 and 26). On April 29, 2003, I denied plaintiffs' motion to compel after plaintiffs did not provide the reply I requested addressing the applicability of the work product doctrine. Plaintiffs seek relief from my order, asserting that because of the court's new electronic filing system and its still unfamiliar procedures, they were not aware of my request for a reply. Under the circumstances, I will grant plaintiffs' motion for relief and address the merits of the dispute.

  Plaintiffs seek access to a statement made by defendant Martin to his employer on the day of the accident giving rise to this lawsuit. On January 16, 2001, at approximately 6:30 a.m., Mr. Martin was driving a delivery truck for his employer, Lamtech, Inc., southbound on Maryland Route 27. (Paper No. 19 at 1). Plaintiff, William R. Carroll, was also traveling southbound on Route 27, riding his bicycle to work. (Id.). Sometime after crossing the intersection of Route 27 and Skylark Road, Mr. Carroll was struck by defendant's truck. (Id.). After the accident, defendant Martin immediately pulled to the shoulder and exited his vehicle. (Id. at 3). Other drivers and a police officer were also at the scene of the accident. While at the scene, Mr. Martin made statements concerning the accident which were overheard by another driver; Mr. Martin also gave a statement to a uniformed police officer. In addition, Mr. Martin called his employer, defendant Lamtech, at approximately 7:00 a.m. to report the accident. (Id., Exh. E, at 19). When no one answered, he left a message. About two hours later, Mr. Keener, Lamtech's vice-president for human resources, called Mr. Martin back and obtained a statement from him regarding the accident. (Id.). Plaintiffs, Mr. Carroll and his wife, brought suit against defendants Lamtech and Martin. At the deposition of Mr. Keener, Mr. Keener invoked both the attorney-client and work product privileges as a basis for refusing to answer questions about Mr. Martin's statement to him the morning of the accident. Plaintiffs' motion to compel followed.

  As noted in previous correspondence, the court believes that the attorney work product doctrine is the appropriate mode of analysis, rather than the attorney-client privilege. The work product doctrine is embodied in Federal Rule of Civil Procedure 26. Rule 26(b)(3) provides that:

> a party may obtain discovery of documents and tangible things otherwise discoverable

Memorandum to Counsel
Carroll et al. v. Martin et al., MJG -02-2084
June 6, 2003
page 2

>under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

See also Hickman v. Taylor, 329 U.S. 495 (1947) (recognizing limitations on discovery of lawyers' work product).

The threshold question in determining the applicability of Rule 26(b)(3) is whether the documents at issue were prepared "in anticipation of litigation." Nat'l Union Fire Ins. Co. v. Murray Sheet Metal Co., 967 F.2d 980, 985 (4th Cir. 1992). Material is prepared in anticipation of litigation if it is "prepared because of the prospect of litigation when the preparer faces an actual claim or a potential claim following ... [a] series of events that reasonably could result in litigation." Id. Here, plaintiffs argue that the statement was not taken in anticipation of litigation because Mr. Keener's purpose in questioning Mr. Martin was in the ordinary course of business for insurance purposes. (Paper No. 25 at 3-4). Defendants respond that in anticipation of likely litigation, Mr. Keener was gathering information for defendant Lamtech's liability insurance provider.[1] (Paper 19 at 3). The record in this case supports the conclusion that Mr. Martin's statement was prepared in anticipation of litigation. According to Mr. Keener, he interviewed Mr. Martin, "to determine how to file a claim or what to say to the insurance carrier." (Paper No. 16, Exh. E at 17). Given that Mr. Carroll was seriously injured in the accident, it was certainly reasonable to conclude that the accident could result in litigation. Reporting relevant information to their liability insurance carrier was a logical and necessary step taken by defendant Lamtech in anticipation of potential litigation. See Suggs v. Whitaker, 152 F.R.D. 501, 506 (M.D.N.C. 1993)(finding that witness reports obtained after an accident by insurance adjusters were prepared in anticipation of litigation). Accordingly, I find that Mr. Martin's statement was prepared in anticipation of litigation and, therefore, protected by the work product doctrine.[2]

---

[1] Defendants' opposition states that they have assumed that the court has already determined that the materials are protected by the work product doctrine from the court's statement, "the application of the attorney work product doctrine governs..." That observation was not intended to imply that the materials in question had already gained protection on the theory that they were prepared in anticipation of litigation. Instead the court was simply stating that the work product doctrine, as opposed to the attorney-client privilege, offered the proper mode of analysis. Accordingly, the court instructed plaintiffs that their reply "should address the requirements of rule 26(b)(3) as well as applicable case law." (Paper No. 22 at 1).

[2] The work product doctrine divides work product into opinion work product and fact work product. Opinion work product is comprised of mental impressions, conclusions, opinions, or legal

Memorandum to Counsel
Carroll et al. v. Martin et al., MJG -02-2084
June 6, 2003
page 3

      Plaintiffs may obtain discovery of materials protected by the work product doctrine if they can demonstrate a substantial need for the material and an inability to obtain the substantial equivalent without undue hardship. Fed. R. Civ. Pro. 26(b)(3). The record shows that Mr. Keener called Mr. Martin about two hours after the accident. (Paper No. 16, Exh. E at 19). The fact that Mr. Martin had time to reflect on the events and was speaking with his employer make the statement and the motivations surrounding it unique in nature. Because Mr. Martin made other statements about the case, the statement to Mr. Keener has potential value for impeachment purposes. Additionally, because none of the parties are able to specifically reconstruct the accident at this time, the relatively contemporaneous statement of Mr. Martin becomes all the more important. As plaintiffs note, the details surrounding the accident are critical to the questions of the negligence of defendants and the contributory negligence of Mr. Carroll. In sum, plaintiffs have a substantial need for this statement.

      I also find that the plaintiffs have established that they are unable to obtain the substantial equivalent of the material sought without undue hardship. Contrary to defendants' assertions, the statements made by Mr. Martin to the police officer immediately after the accident, the observations of another driver at the scene of the accident, and the deposition of Mr. Martin conducted months afterwards do not constitute the "substantial equivalent." As previously mentioned, the timing of, and motivations behind, the statement render it unique. See Coogan v. Cornet Transportation Co., Inc., 199 F.R.D. 166, 167 (D. Md. 2001)(finding that no substantial equivalent could be obtained for statements made by party immediately after an accident). Accordingly, plaintiffs' motion to compel discovery will be granted and defendants shall produce the requested materials within 7 days of this order.

      Despite the informal nature of this letter, it shall constitute an Order of Court, and the clerk is directed to docket it accordingly.

      Sincerely,

      /s/

      Beth P. Gesner
      United States Magistrate Judge

---

theories of an attorney. As discussed below, fact work product may be obtained when the appropriate showing is made, but opinion work product is generally given a much greater measure of protection. The statement sought in this case is clearly fact work product, as no opinions of attorneys are implicated.