```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND

WILLIAM CARROLL, et ux.          *

          Plaintiffs             *

               vs.               *   CIVIL ACTION NO. MJG-02-2084

BENJAMIN JAMES MARTIN, et al.    *

          Defendants             *

*    *    *    *    *    *    *    *    *
```

MEMORANDUM AND ORDER

The Court has before it Plaintiff's Motion for Partial Summary Judgment on the Issue of Contributory Negligence, the Motion for Partial Summary Judgment by Lamtech, on the Issue of Negligent Entrustment, and the materials submitted by the parties in relation thereto. The Court finds a hearing unnecessary.

I.   BACKGROUND[1]

At all times relevant hereto, Defendant Lamtech, Inc. ("Lamtech") a Pennsylvania corporation, was engaged in the business of delivering goods by truck. Defendant Benjamin J. Martin (Martin) was employed by Lamtech and regularly performed services as a truck driver.

---

[1] Because both sides seek summary judgment, the facts are here presented in as neutral a fashion as possible. Any material disagreement as to the facts will be noted.

At about 6:30 a.m. on January 16, 2001 on Route 27 in Montgomery County, Maryland, there was a collision between a Lamtech truck[2] driven by Martin and a bicycle ridden by Plaintiff William R. Carroll (Carroll).  Carroll was injured in the accident.  Carroll and Laura Carroll (Mrs. Carroll) have sued Lamtech and Martin seeking damages for Carroll's personal injuries and for Carroll's and Mrs. Carroll's loss of consortium.  The suit is based upon the theories that:

1. Martin's negligence caused the accident;

2. Lamtech is responsible for Martin's negligence under the doctrine of <u>respondeat superior</u>; and

3. Lamtech negligently entrusted Martin with the truck, thus proximately causing the accident.

The Defendants deny Plaintiffs' claims and assert, among other things, an affirmative defense of contributory negligence.

Plaintiff seeks partial summary judgment on the defense of contributory negligence.  Lamtech seeks partial summary judgment on the claim of negligent entrustment.

II. <u>SUMMARY JUDGMENT STANDARD</u>

A motion for summary judgment shall be granted if the

---

[2] It appears that Lamtech leased the truck at issue. Keener Dep. at 35.

pleadings and supporting documents "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The well-established principles pertinent to such motions can be distilled to a simple statement.

The Court may look at the evidence presented in regard to the motion for summary judgment through the non-movant's rose colored glasses, but must view it realistically. After so doing, the essential question is whether a reasonable fact finder could return a verdict for the non-movant or whether the movant would, at trial, be entitled to judgment as a matter of law. E.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970); Shealy v. Winston, 929 F.2d 1009, 1012 (4th Cir. 1991).

III.    DISCUSSION

    A.    Contributory Negligence

There is a factual issue as to whether the accident occurred while Carroll was riding on the shoulder or on the roadway. The relevant statute, Annotated Code of Maryland, Transportation Article, §21-1205, 1205.1(b) provides, in

pertinent part:

> (1) Where there is...a [roadway] shoulder paved to a smooth surface, a person operating a bicycle...shall use the shoulder and my not ride on the roadway, except...:
>
>> (iii) When reasonably necessary to leave the ...shoulder to avoid debris or other hazardous condition....
>
> \* \* \* \* \*
>
> (2) A person operating a bicycle ...may not leave a...shoulder until the movement can be made with reasonable safety.

If the jury should find that Carroll was driving on the shoulder when struck by the truck, he would not be contributorily negligent. However, on the evidence presented, the jury might reasonably conclude that Carroll was struck after he left the shoulder and was on the roadway. In the latter circumstance, the jury could find that Carroll did not delay leaving the shoulder until the movement could be made with reasonable safety. Accordingly, there is evidence sufficient to permit a reasonable jury to find Carroll contributorily negligent.

In sum, there are genuine issues of material fact preventing summary judgment for Carroll on the contributory negligence defense.

B.  <u>Negligent Entrustment</u>

As stated in 2 Restatement (Second) of Torts, § 390:

> One who supplies...a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

<u>See</u> <u>Rounds v. Phillips</u>, 166 Md. 151 (1934); <u>Neale v. Wright</u>, 322 Md. 8 (1991); <u>Broadwater v. Dorsey</u>, 344 Md. 548 (1977).

The Maryland Court of Appeals has explained that "[T]he principal features of the tort lie in the knowledge of the supplier concerning the dangerous propensities of the entrustee and the foreseeability of harm."  <u>Kahlenberg v. Goldstein</u>, 290 Md. 477, 488 (1981).  An entrustor is not entitled to assume that an entrustee will use entrusted chattel safely if the entrustor knows that the entrustee has "on other occasions so acted that the supplier should realize that the chattel is likely to be dangerously used, or that ...[the entrustee]...has a propensity...to misuse it." <u>Herbert v. Whittle</u>, 69 Md. App. 273, 282-83 (1986) (quoting Restatement (Second) of Torts, § 390 cmt. b (1965)).

Plaintiffs base their negligent entrustment claim on

5

Lamtech's knowledge of the following:

1. Martin had received a speeding ticket and, as a result, his driving license was suspended for 30 days.

2. In July of 2000, Martin received a ticket for driving too fast for the conditions and causing a side impact collision.

3. Martin backed into two milk houses while driving for a previous employer.

4. One of Martin's previous employers identified Martin as a "questionable" safe and efficient driver, and commented that "[h]e had a heavy foot!"

5. Several months after he started working for Lamtech, Martin damaged one of their trucks when he accidentally struck a low-hanging tree branch.

In Curley v. General Valet Serv., 270 Md. 248 (1971) an employer entrusted a van to an employee who ran a red light, hit a fire truck, and killed one person while injuring others. At the time of entrustment, the employer knew of the employee's driving record which included ten violations in a five-year period. The Court of Appeals stated that the employee's "particular record of moving violations, known to [the employer] at the time it employed him...constitutes evidence which, though meager, was legally sufficient in the circumstances of this case to permit the jury to rationally find [the employee's] failure to heed traffic control devices

was habitual and as a consequence rendered him an incompetent driver, whose use of the van [...] posed an unreasonable risk of physical harm to others."  Id. at 266.

In the instant case, Plaintiff's evidence may, or may not, be sufficient to sustain a negligent entrustment finding. In light of Curley and the Maryland view that meager evidence of negligence can suffice,[3] the Court will deny summary judgment.

The Court notes that the negligent entrustment claim could be rendered moot.  If Martin was not found negligent, or if Carroll was found contributorily negligent, Plaintiffs would not recover on the claim.  Thus, the sole function of the negligent entrustment claim is provide a mechanism to render Lamtech jointly liable with Martin.  Therefore, a successful defense on Plaintiff's negligence claim is also a

---

[3] Indeed, the Court of Appeals of Maryland has stated that:

> Maryland has gone almost as far as any jurisdiction...in holding that meager evidence of negligence is sufficient to carry the case to the jury.  The rule has been stated as requiring submission if there be any evidence, however slight, legally sufficient as tending to prove negligence, and the weight and value of such evidence will be left to the jury.

Fowler v. Smith, 240 Md. 240, 246 (1965)

successful defense on the negligent entrustment claim.

On the other hand, if Plaintiffs succeed on the basic negligence claim against Martin, Lamtech would be liable without regard to any negligent entrustment if Martin was driving the truck within the scope of his employment. Accordingly, if Lamtech does not deny its <u>respondeat superior</u> responsibility for Martin's driving, it can render the negligent entrustment claim moot.

IV. <u>CONCLUSION</u>

For the foregoing reasons:

1. Plaintiff's Motion for Partial Summary Judgment on the issue of Contributory Negligence is DENIED.

2. Defendant Lamtech, Inc.'s Motion for Partial Summary Judgment on the Issue of Negligent Entrustment is DENIED.

3. Plaintiff shall arrange a telephone conference by September 1, 2003, to set a date for trial and for Lamtech to advise whether it contests the <u>respondeat superior</u> issue. .

SO ORDERED, on <u>Friday, August 15, 2003</u>.

                                           / s /
                              Marvin J. Garbis
                    United States District Judge