IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| WILLIAM R. CARROLL, et al. | * | |
| Plaintiffs | * | Civil Case No. |
| v. | * | MJG-02-CV-2084 |
| BENJAMIN J. MARTIN, et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \*

### PLAINTIFFS PROPOSED VOIR DIRE

William R. Carroll, et. al. Plaintiffs, by their attorneys, Henry L. Belsky, Esquire, and Schlachman, Belsky & Weiner, P.A., and Benjamin J. Martin, et. al., Defendants, by their attorney, Michael Mann, jointly request this Honorable Court to propound the following questions to the members of the jury panel during voir dire.

### FACTS

This case involves a collision which occurred on January 16, 2001. On that date, at approximately 6:30 a.m., Plaintiff William Carroll was lawfully operating his bicycle southbound on the shoulder of Route 27 in Montgomery County. It is alleged that the Plaintiff's bicycle was struck by a vehicle operated by Defendant Benjamin Martin and owned by Defendant Lamtech, Inc. which was traveling southbound on Route 27. As a result of the collision, Plaintiff was ejected from his bicycle and suffered injuries. It is also alleged that as a result of the collision, the marital relationship between William Carroll and his wife, Laura Carroll, suffered harm.

### QUESTIONS

1. Do you have any familiarity with any of the facts of this case?

2. Are you acquainted or familiar with Plaintiffs William Carroll or Laura Carroll?

3. Are you acquainted or familiar with Defendants Benjamin Martin or Lamtech, Inc.?

4. Are you acquainted or familiar with, or have you been represented or sued by, any of the attorneys involved in this matter:

    a. Henry L. Belsky, Kimberly A. Alley or the law firm of Schlachman, Belsky & Weiner, P.A.;

    b. Michael Mann.

5. Are you acquainted or familiar with the following witnesses who may be mentioned or called to testify: (See attached witness list.)

6. Have you or any member of your immediate family ever been Plaintiffs or Defendants in a personal injury case? (If any panel member answers in the affirmative, counsel requests that the panel member be brought to the bench for individual voir dire.)

7. Do you have any personal knowledge or feelings about the parties or their attorneys in this case which would cause you, for any reason, to favor one side or the other irrespective of the evidence presented at trial, to the extent that you could not render a fair and impartial verdict in this case?

8. Do you know of any reason, such as religious or other personal beliefs, why you would not be willing or able to compensate an individual for pain and suffering should the judge instruct you that such an award is a proper element of damage in this case?

9. Are any of you prejudiced against people who sue for injuries as they have suffered?

10. Do you have any preconceived opinion, bias or prejudice against claims brought for personal injuries asking money damages which might prevent you from fairly and impartially

deciding the issue in such a case, and, if the evidence warrants, awarding fair and adequate damages?

11. Do you feel you have any direct or indirect financial interest in the outcome of this case?

12. Do you know of any other reason, not addressed by these questions, which may affect your ability to arrive at a fair and honest verdict in this case?

13. Do you have any philosophical, religious or other personal belief that would prohibit you from applying the civil burden of proof which is that the Plaintiff need not prove his case beyond a reasonable doubt but rather need prove his case only by a preponderance of evidence?

14. Have you or any members of your immediate family ever been employed by any company or agency which is involved in the investigation or resolution of personal injury claims?

15. Are you affiliated with or a member of any organization or political party that advocates tort reform; and, if so, would that factor make you unable to render a fair and impartial verdict?

16. Do any of you have any fixed opinions relative to issues dealing with or known as "Litigation crisis, or tort reform or law suit abuse"?

17. This trial is expected to last for two (2) days. Do you have any reason why you

could not serve on a jury for a duration of time.

                                                            _____

Henry L. Belsky, Esquire
Schlachman, Belsky & Weiner, P.A.
20 S. Charles Street
Tenth Floor
Baltimore, Maryland 21201
(410) 685-2022

Attorneys for the Plaintiff

4